UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CAROL A. WEEKLEY** ) | Case No. 1:06-cv-2210 |
| ) | |
| **Plaintiff,** ) | |
| ) | **Judge Dan Aaron Polster** |
| **v.** ) | |
| ) | |
| **INTERNAL REVENUE SERVICE,** ) | **ORDER** |
| **THOMAS WEEKLEY, BART WEEKLEY** ) | |
| **and JENNIFER J. NOCK** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is the Motion to Dismiss filed on October 10, 2006 by the United States of America ("Motion") (**ECF No. 6**.)  For the following reasons, the Motion is **GRANTED**.

I.  BACKGROUND

Plaintiff Carol A. Weekley ("Plaintiff") filed the above-captioned action in Erie County Probate Court on August 9, 2006.  Plaintiff seeks a declaratory judgment that certain Internal Revenue Service claims against Raymond J. Weekley and Plaintiff are barred by the laws of Ohio and/or the laws, rules, and regulations of the United States.  Defendant United States[1]

---

[1] The Court notes that the United States is the proper named Defendant, not the Internal Revenue Service, despite the official caption.  Furthermore, although additional named defendants

("Defendant") subsequently removed the case to federal court on September 13, 2006. (ECF No. 1.) The United States now moves the Court to dismiss this action because this Court and the Erie County Probate Court lack subject-matter jurisdiction, and because the Declaratory Judgment Act, 28 U.S.C. § 2201, expressly bars the suit to the extent Plaintiff seeks a declaratory judgment as to her federal tax liabilities. A review of the docket shows that, although six weeks have elapsed since Defendant filed the Motion, Plaintiff has neither filed a response memorandum opposing the Motion nor requested an extension of time to file one. Moreover, counsel for Plaintiff affirmatively represented to the Court that Plaintiff does not oppose Defendant's Motion. The Court has reviewed Plaintiff's Complaint, (ECF No. 1) and Defendant's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 6.) Because Plaintiff has not disputed Defendant's Motion, the Court assumes the factual representations contained therein are accurate.

Plaintiff and her late husband, Raymond J. Weekley, failed to pay federal income tax liabilities totaling $119,411.58 (including interest and other statutory additions) for the years ending December 31, 2000 through December 31, 2004. (Compl. Notice of Levy.) Raymond Weekley died on August 21, 2004. (Compl. ¶ 2.) The Erie County Probate Court thereafter probated his estate. (Compl. ¶¶ 4-5.) Raymond Weekley's will placed his ownership interests in two businesses[2] into a testamentary trust (the Raymond J. Weekley Trust), with Thomas Weekley appointed as trustee, Plaintiff as the trust's lifetime income beneficiary, and Defendants Jennifer J. Nock and Bart Weekley as residuary beneficiaries. (Compl. ¶¶ 5-6; Compl. Last Will

---

are listed in this case, the additional named defendants have filed nothing with the Court.

[2]The businesses are: Weekelys Mailing Service, Inc.; Weekely Family Limited Partnership. (*Compl.* Last Will and Testament of Raymond J. Weekely.)

and Testament of Raymond J. Weekley.) The trustee was directed to pay Plaintiff monthly all income and dividends earned by the trust. (Compl. Last Will and Testament of Raymond J. Weekley.)

Defendant, via the Internal Revenue Service ("IRS"), initiated collection procedures regarding the unpaid tax liabilities. Specifically the IRS issued notices of levy against the two businesses in the trust, in the amount of $119,411.58, on May 12, 2006. (Compl. Notice of Levy.) Approximately two weeks later, on May 26, 2006, the IRS issued an additional notice of levy in the same amount to Thomas Weekley as trustee of the Raymond J. Weekley Trust. (Id.) Thereafter on August 9, 2006 Plaintiff filed the instant case in Erie County Probate Court to have the IRS claims declared unlawful. Defendant then removed the case to this Court, and filed the instant Motion.

## II. DISCUSSION

Under well-settled principles of sovereign immunity, the United States, as sovereign, is immune from suit unless it expressly consents to being sued, and the terms of its consent define the court's jurisdiction to hear the suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))). Any waiver of that sovereign immunity is strictly construed in favor of the government, and will only be found where the waiver is unequivocal. *United States Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992). Wavier of sovereign immunity by statute, therefore, may not be implied, but must be unequivocally expressed by Congress in the statutory text. *United States v. King*, 395 U.S. 1, 4 (1969); *United States v. Idaho*, 501 U.S. 1, 7 (1993). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of

-3-

the action, and dismissal is required. *See Smith v. United States*, 507 U.S. 197 (1993). Critically, the plaintiff bears the burden of establishing court's subject-matter jurisdiction over a case; thus for purposes of a suit against the government, the plaintiff must demonstrate that the United States has expressly consented to suit. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), *cert. denied* 450 U.S. 981 (1981)).

Here, Plaintiff's complaint fails to cite any provision by which sovereign immunity is waived.[3] Therefore, neither the Erie County Probate Court nor this Court have subject matter jurisdiction over Plaintiff's case.

Additionally, no court has subject matter jurisdiction over declaratory judgment actions to the extent a plaintiff seeks a declaratory judgment as to federal tax liabilities; the Declaratory Judgment Act, 28 U.S.C. § 2201, expressly deprives courts of jurisdiction over actions seeking a declaratory judgment "with respect to federal taxes." *Flora v. United States*, 362 U.S. 145, 164 (1960). *See also*, *Ecclesiastical Order of Ism of Am, Inc. v. Internal Revenue Service*, 725 F.2d 398 (6th Cir. 1984); *Hill v. IRS*, 1993 U.S. App. LEXIS 7576, *3-4, 1993 WL 94001 (6th Cir. 1993). Specifically, § 2201 grants jurisdiction for courts to declare the rights and legal relations of any interested party under certain circumstances. That jurisdictional reach is expressly inapplicable, however, to actions involving federal taxes other than when an organization seeks Internal Revenue Code § 501(c)(3) Charitable Organization classification.

---

[3] Defendant's Motion provides a brief but comprehensive discussion of some theories under which Plaintiff might have claimed waiver of sovereign immunity, e.g. general jurisdictional statutes or quiet title action. (See Def's Motion to Dismiss, 4-5.) Defendant provides sufficient rebuttals, however, supported by case law to defeat these hypothetical arguments. Moreover, Defendant's Motion is unopposed, so the Court finds it sufficient to conclude, without further discussion, that Plaintiff has failed to establish waiver of sovereign immunity in this case.

Similarly, the Anti-Injunction Act, 26 U.S.C. § 7421, is viewed as co-extensive with the Declaratory Judgment Act. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 733 n.7 (1974). The Anti-Injunction Act prohibits suits attempting to restrain the assessment or collection of any tax, regardless of whether the plaintiff in such suit is the person against whom the tax was assessed. *Id.* When viewed together, these two statutes operate "to require that the legal right to disputed sums be determined in a suit for refund" rather than a suit for declaratory judgment prohibiting the IRS from initially assessing and collecting the tax or taxes. *See Bob Jones Univ.*, 416 U.S. at 736.

The IRS notices of levy attached to Plaintiff's complaint, as well as paragraphs 9, 3, 12, and 15 of the complaint, clearly show that both Plaintiff and her deceased husband are the taxpayers against whom the IRS seeks to collect. Therefore Plaintiff essentially seeks a declaratory judgment "with respect to [Plaintiff's] federal taxes," namely that the IRS's claims are invalid and therefore collection on those claims is barred. As explained, however, the Declaratory Judgment Act expressly denies the Court of jurisdiction over Plaintiff's claims as currently stated. Plaintiff's proper course of action, as explained by the Supreme Court in *Bob Jones Univ.* is to pay the assessed taxes and then sue for a refund. That issue, however, is not before the Court in the instant action.

### III. CONCLUSION

Sovereign immunity principles dictate that neither this Court nor the Erie County Probate Court have subject-matter jurisdiction over Plaintiff's complaint, and the Court must therefore dismiss the case. Likewise, the Declaratory Judgment Act's statutory language denies this Court jurisdiction over Plaintiff's requested declaratory judgment regarding Plaintiff's federal taxes.

Accordingly, Defendant's unopposed Motion to Dismiss the Action Against All Defendants (**ECF No. 6**) is hereby **GRANTED**, and the instant case is **DISMISSED WITH PREJUDICE**.

       **IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     November 28, 2006*
**Dan Aaron Polster**
**United States District Judge**